# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD LEODORO URBINA,

        Petitioner,

                                Case No. 19-cv-10728

v.                               Hon. Matthew F. Leitman

J. A. TERRIS, WARDEN,

        Respondent

_____/

## ORDER DISMISSING PETITION FOR WRIT
## OF HABEAS CORPUS (ECF #1) WITHOUT PREJUDICE

Petitioner Richardo Leodoro Urbina is a federal pre-trial detainee currently confined in the Eastern District of Michigan at the Federal Correctional Institution in Milan, Michigan. Urbina is awaiting trial in the United States District Court for the Western District of Michigan, Case Number 18-cr-00051.

On March 11, 2019, Urbina filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* ECF #1.) In the petition, Urbina seeks dismissal of the charges against him and release from custody. (*See id.*) Because Urbina needs to first raise his claims in his pending criminal action, and not in this separately-filed habeas action, the Court **DISMISSES** Urbina's petition **WITHOUT PREJUDICE** as premature.

# I

The criminal charges under which Urbina is being held arose out of a child exploitation taskforce operated jointly by the FBI and state and local authorities. A Kent County, Michigan, Sheriff's detective and member of that taskforce arrested Urbina on state charges of sex trafficking on November 30, 2017. Following Urbina's arrest, he was held in the Kent County Jail until March 7, 2018. On that date, the FBI arrested Urbina and took him into federal custody pursuant to an indictment issued by a federal grand jury on March 6, 2018. In the federal criminal action, Urbina was charged with three counts each of sex trafficking of a minor and distribution of cocaine. *See United States v. Urbina*, W.D. Mich. Case No. 18-cr-00051.[1] Following Urbina's arrest on federal charges, Urbina's state charges were dismissed.

In Urbina's habeas petition, he asserts that his state court arrest was a "subterfuge" and a "ruse" that permitted the federal government to hold him in custody for more time than is permitted under the Speedy Trial Act, 18 U.S.C. § 3161. (Pet., ECF #1.) Urbina insists that the charges against him should therefore be dismissed and that he should be released from custody. (*See id.*)

---

[1] "[F]ederal courts may take judicial notice of proceedings in other courts of record[.]" *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)) (explaining that it obtained briefs from the Michigan appellate courts).

## II

A federal district court may summarily dismiss a habeas petition brought under section 2241 if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999); Rule 4, Rules Governing § 2254 Cases. Here, Urbina is plainly not entitled to habeas relief at this time.

Where a federal pre-trial detainee seeks habeas relief under section 2241 on a claim that "would be dispositive of the underlying criminal charges," the claim "must be exhausted at trial and on appeal before habeas corpus relief is available." *Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (citations omitted); *see also Horning v. Seifart*, 107 F.3d 11 (TABLE), 1997 WL 58620 (6th Cir. 1997) (holding that petition brought by a pre-trial detainee under section 2241 was properly dismissed because the "remedy" under the statute "cannot be invoked to raise defenses to a pending federal criminal prosecution."); *Flowers v. Edwards*, 780 F.2d 1020 (TABLE), 1985 WL 13977 (6th Cir. 1985) (holding that federal pre-trial detainee may not obtain relief under section 2241 unless, among other things, he has exhausted his remedies). A claim by a federal pre-trial detainee seeking dismissal of the charges against him based upon an alleged violation of the Speedy Trial Act would be dispositive of the criminal case against him. Thus, the claim must be

exhausted in the underlying criminal case before it may be asserted in a habeas proceeding under section 2241.

Here, a habeas petition under section 2241 is not the appropriate avenue for Urbina to raise, at this time, his claims under the Speedy Trial Act. Instead, Urbina should first exhaust these claims in his pending criminal action in the United States District Court for the Western District of Michigan.

Accordingly, for all of the reasons stated above, the Court **DISMISSES** Urbina's petition for a writ of habeas corpus (ECF #1) **WITHOUT PREJUDICE** because it is premature.

The Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Urbina need not request one from this Court nor the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: April 15, 2019  UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764